# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  56963-9-II |
| Respondent, | |
| v. | |
| MARCUS BERNETT THORNTON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Marcus B. Thornton appeals his sentence following resentencing, arguing that the superior court erred by deferring to the original sentencing judge and not granting him a full resentencing hearing.  Thornton also argues that the superior court erred by imposing legal financial obligations (LFOs) because he is indigent.  We affirm Thornton's standard range sentence, but remand to the superior court to consider the challenged LFOs consistent with the current law.

### FACTS

On September 24, 2015, a jury found Thornton guilty of second degree murder with a deadly weapon sentencing enhancement.  Thornton had an offender score of 3 based on prior convictions for second degree assault (2 points) and unlawful possession of a controlled substance (1 point).  Thornton's standard sentencing range with the deadly weapon sentencing enhancement was 178-278 months.  The trial court imposed a standard range sentence of 244 months.  The trial court also imposed $800 of LFOs: $500 crime victim assessment, $100 deoxyribonucleic acid (DNA) database fee, and $200 criminal filing fee, as well as interest on all LFOs.

On July 20, 2021, the superior court heard arguments to correct Thornton's judgment and sentence based on *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). At the hearing, the State argued that, despite the change in the standard sentencing range, the superior court should impose the same sentence as the trial court at Thornton's original sentencing. Thornton's counsel requested a low-end standard range sentence, noting that at trial a jury had found him not guilty of first degree murder and he still had a substantial amount of time to serve. Thornton told the superior court that he took full responsibility for his actions the night of the murder, that he did not intend to harm anyone before the fight happened, and he wanted to take it back. The superior court stated:

> Okay. Well Mr. Thornton got the mid-range last time. In keeping with my, essentially, way of thinking about things, I'm going to stay with the mid-range sentence . . . . I will just point out that, while it's true that [the State says] that this is not a typical resentencing and that we shouldn't consider anything that he's done positive or negative in resentencing, a number of times in these hearings, there has been a realization that perhaps the offender score originally was wrong or that a point was missed the first time around or that the defendant has obtained intervening conviction that adds time to his sentence, so I don't necessarily disagree with the notion that this is a different sort of sentencing. It is a sentencing, nonetheless, and I'm going to impose 205 months plus 24, which is 229, as the new sentence.

Verbatim Rep. of Proc. (VRP) (Jul. 20, 2021) at 9. Nobody raised or addressed LFOs at the hearing.

The superior court entered an order removing the unlawful possession of a controlled substance conviction from Thornton's criminal history, resulting in an offender score of 2 and a total standard sentencing range of 168-268 months. The superior court imposed a sentence of 229 months' total confinement. The superior court's order also stated "that all other terms and conditions of the original Judgment and Sentence dated October 1, 2015, shall remain in full force and effect as if set forth in full herein." Clerk's Papers at 48.

Thornton appeals.

ANALYSIS

A.    STANDARD RANGE SENTENCE

Thornton appeals his sentence, arguing that the superior court erred by failing to make an independent determination as to his sentence. We disagree.

Generally, a sentence within the standard sentencing range may not be appealed. RCW 9.94A.585(1). However, "this rule does not preclude a defendant from challenging on appeal the underlying legal determinations by which the sentencing court reaches its decision." *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017).

Thornton asserts that the superior court failed to make an independent determination as to his sentence, but the record belies this assertion. The superior court clearly stated that it recognized that this was an independent sentencing hearing. VRP (Jul. 20, 2021) at 9 ("It is a sentencing, nonetheless."). Further, the superior court imposed a sentence consistent with its "way of thinking about things," rather than deferring to the previous sentence. VRP (Jul. 20, 2021) at 9.

Also, the superior court did not refuse to consider any specific sentencing request made by Thornton. Thornton's attorney simply requested a low-end standard range sentence, noting that Thornton had been found not guilty of first degree murder and was facing a long sentence. And Thornton stated that he took responsibility for his actions and he was sorry that the victim died. After Thornton made his request for a low-end standard range sentence, the superior court imposed a standard range sentence at the resentencing hearing based on the court's own "way of thinking about things." VRP (Jul. 20, 2021) at 9.

Therefore, contrary to Thornton's assertion, the superior court committed no legal error at the resentencing hearing. Accordingly, Thornton's standard range sentence is not appealable.

B.      LFOs

Thornton also argues that because he is indigent, the superior court erred by imposing the following LFOs:   $500 crime victim assessment; $200 criminal filing fee; $100 DNA fee; community custody supervision fee; and interest to accrue on all LFOs, not just restitution.  In the interests of justice, we remand to the superior court to consider the challenged LFOs consistent with the current law.[1]

Under RAP 2.5(a), we "may refuse to review any claim of error which was not raised in the trial court."  Further, unpreserved LFO errors are not the type of sentencing errors that requires review as a matter of right.  *State v. Blazina*, 182 Wn.2d 827, 833-34, 344 P.3d 680 (2015).

Here, Thornton did not address LFOs at his resentencing.  Therefore, Thornton has failed to preserve his challenge to the LFOs.  However, we may exercise our discretion to address unpreserved LFOs errors.  *Id.* at 834-35.  There have been various changes to the law regarding imposition of LFOs,[2] and the State has no objection to remanding for the superior court to impose LFOs consistent with those changes.  Accordingly, despite Thornton's failure to preserve his challenge to the LFOs, we remand to the superior court to consider the challenged LFOs consistent with the changes in the law.

---

[1] Thornton also argues that the crime victim assessment is unconstitutional.  Effective July 1, 2023, the crime victim assessment may no longer be imposed on a defendant who is found to be indigent.  RCW 7.68.035(4); LAWS OF 2023, ch. 449 § 1.  Because we remand for the superior court to consider the challenged LFOs consistent with the changes in the law, we decline to address Thornton's constitutional challenge to the crime victim assessment.  *See Reykdal v. Espinoza*, 196 Wn.2d 458, 460 n.1, 473 P.3d 1221 (2020) ("'Where an issue may be resolved on statutory grounds, the court will avoid deciding the issue on constitutional grounds.'" (quoting *Tunstall v. Bergeson*, 141 Wn.2d 201, 210, 5 P.3d 691 (2000), *cert. denied*, 532 U.S. 920 (2001))).

[2] For example, the statutory authority to impose a DNA collection fee has been removed by our legislature.  *See* RCW 43.43.7541.

We affirm Thornton's standard range sentence but remand to the superior court to consider the challenged LFOs consistent with the current law.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, A.C.J.

Price, J.